IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
MAY 16 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SCOTT PALLETT,<br><br>Defendant. | CR 18–11–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Daniel Scott Pallett's Motion in Limine to Exclude Government Evidence and Alternative Motion for Additional Pretrial Motion Time (Doc. 14). As a result of apparent technical difficulties, Defendant has been unable to view surveillance footage which could be critical to the United States' case. Owing to these difficulties, Defendant has requested that the Court either exclude the evidence pursuant to Federal Rule of Criminal Procedure 16(d)(2)(C) or extend the motions deadline. (Doc. 15 at 1–2.) While the United States does not oppose "the alternative remedy proposed by the Defendant in his brief—a two week extension," it does oppose the imposition of the sanction of exclusion. (Doc. 20 at 3–7.) For the following reasons, Defendant's Motion will be denied in its entirety.

Per the April 4, 2018 Scheduling Order, the discovery deadline was April 13, 2018, and the motions deadline was April 27, 2018. (Doc. 13 at 1.) The plea agreement deadline is set for May 24, 2018, and trial has been set for June 4, 2018. (*Id.*)

On April 27, 2018, Defendant filed the current Motion accompanied by an affidavit from his investigator, Gary Hopkins ("Hopkins"), detailing how Hopkins had traveled to the United States Attorney's Office to view certain discovery documents "which could not be given to defendant,"[1] talked with Special Agent Guy Baker ("Baker") regarding Baker's progress in attempting to provide Hopkins with the surveillance footage, and unsuccessfully attempted to view the surveillance footage via "a CD from AUSA Adam Duerk." (Doc. 16 at 1–2.) Based upon the Government's "failure to provide timely discovery on an important surveillance video," Defendant requests the Court exercise its power to "remedy discovery violations" (Doc. 15 at 1) by excluding "any video surveillance evidence . . . including any reference by any witness to such surveillance video at any time

---

[1] While Defendant appears to have taken issue with certain discovery documents being only available for viewing at the U.S. Attorney's Office, this issue has only been peripherally addressed in this Motion. To the extent Defendant intended to request relief from the Court regarding these documents, such a request has not been expressly articulated or sufficiently developed to warrant further discussion.

-2-

during the trial of this case." (Doc. 14 at 2.) Alternatively, Defendant requests the Court grant "additional time for motions." (Doc. 15 at 2.)

Citing to Federal Rule of Criminal Procedure 16(a)(1)(D) and (E), the United States asserts that "no discovery violation has occurred" and the "problem here has been a technical issue" stemming from "attempts . . . to download and provide a copy of the video for defense counsel to review at his convenience." (Doc. 20 at 2, 5.) Rule 16(a)(1)(E) mandates that, upon request, the Government must "permit the defendant to inspect and to copy or photograph . . . data [and] photographs" if they are "within the government's possession, custody, or control" and are "material to preparing the defense," intended to be used by the Government in its "case-in-chief at trial," or "the item was obtained from or belongs to the defendant." The United States submits that the video has been "available for review at the United States Attorney's Office since the time a courtesy copy was shared with the defense." (*Id.* at 2.) Moreover, "the invitation to review the video at the U.S. Attorney's Office remains open," and the Government will "continue to attempt to provide a copy of that DVD." (*Id.* at 2, 5.) In short, the Government argues that no discovery violation has occurred but that, even if a violation occurred, there are alternative remedies to exclusion available "that would 'not be harsher than necessary to accomplish the goals of

-3-

Rule 16.'" (*Id.* at 5 (quoting *United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir. 1993)).)

The Court is satisfied that the Government has complied with its discovery obligations by timely disclosing the video and making it available for Defendant to view. The Court has no basis upon which to doubt the United States' assertions in this regard. The Court has not been provided with an explanation for why Defendant has not gone to the U.S. Attorney's Office, where the footage "has been available for the Defendant's review during the relevant time period," and where the video remains available, to review the footage. This is particularly inexplicable since the Defendant has been to the U.S. Attorney's Office for other discovery purposes. Had Defendant taken this one step, the need for the current Motion would not be present. Further, the Court does not have information concerning the results of the United States' continued attempts to furnish Defendant with a DVD containing the surveillance footage which, if successful, would similarly render this Motion unnecessary. In short, the inadvertent technological problems complained of would not be a problem had defense counsel exercised the reasonable and available alternative for viewing the evidence that was and is available to him. Because the Court does not find that a discovery violation has

occurred, Defendant's request for the exclusion of the surveillance footage will be denied.

In regards to Defendant's alternative request for an extension of time in which to file pretrial motions, this request will similarly be denied. The Court has been provided no information regarding why additional time is necessary in this case. Further, Defendant has already timely filed pretrial motions. The plea agreement deadline is a mere eight days away as of the date of this Order and trial is set to commence in nineteen days. Simply put, the Court has not been provided with a reason to give Defendant more time and there is no time to give. Accordingly,

IT IS ORDERED that Defendant's Motion (Doc. 14) is DENIED.

DATED this 16th day of May, 2018.

Dana L. Christensen, Chief Judge
United States District Court