IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–11–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DANIEL SCOTT PALLETT, | |
| Defendant. | |

Before the Court is Defendant Daniel Scott Pallett's Motion Alleging Misjoinder or to Sever Count III from Counts I and II for Purposes of Trial Rules 8(a) and 14 Fed. R. Crim. P. (Doc. 17). Defendant asserts that the Indictment includes counts inappropriately joined under Federal Rule of Criminal Procedure 8(a). Alternatively, Defendant requests that the Court sever trial on the various offenses under Rule 14. The United States opposes this Motion. For the following reasons, the Motion will be denied.

Federal Rule of Criminal Procedure 8(a) allows counts to be included in a single indictment for trial if the offenses "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Indictment charges Defendant with Robbery Affecting Commerce ("Count I"),

Using and Carrying a Firearm During a Crime of Violence ("Count II"), and Felon in Possession of a Firearm ("Count III"). (Doc. 2 at 1–3.) Count I alleges that Defendant used actual and threatened force to unlawfully take money from Maui Nights Casino on July 15, 2015. Count II alleges that Defendant brandished a black, semiautomatic pistol while committing the robbery charged in Count I. Count III alleges that because Defendant is a convicted felon, his possession of a black, semiautomatic pistol beginning on July 15, 2015, and continuing until on or about August 5, 2015, violated 18 U.S.C. § 922(g)(1). (*Id.* at 1–3.)

Defendant contends that Count III is not "transactionally related" to Counts I and II, is "qualitatively different" from those Counts, and that there was "no common scheme or plan" because Counts I and II allege conduct occurring on July 15, 2015, while Count III alleges conduct beginning at that time but continuing an additional two weeks. Citing to *United States v. Terry*, 911 F.2d 272, 274 (9th Cir. 1990), Defendant contends that because there "is no factual allegation in the indictment that ties the gun *described* in Count III to the conduct alleged in Count I and II," the indictment "flunks" the joinder test. (Doc. 18 at 3.) The Court does not agree.

As the United States points out, *Terry* directs the Court to look beyond the allegations in the indictment to determine whether counts are validly joined. For

instance, the Court in *Terry* provided that the term "transaction" is "to be interpreted flexibly and 'may comprehend a series of related occurrences,'" *id.* (quoting *United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir. 1988)), and that joinder is proper "'when the same facts must be adduced to prove each of the joined offenses,'" *id.* (quoting *United States v. Portac, Inc.*, 869 F.2d 1288, 1294 (9th Cir. 1989)).

Here, the Court need not interpret "transaction" liberally to see the connection as it is readily apparent that overlapping evidence provides the basis for the three crimes and would need to be adduced to prove each of the offenses. Indeed, as it should be, a valid basis for joinder is "discernible from the face of the indictment" alone. *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007). The overlap and connection could not be more clear. The Indictment alleges that on July 15, 2015, Defendant used a gun to rob a casino. The gun was a "black, semiautomatic pistol." Starting on that same date, the Indictment alleges that Defendant, being a prohibited person, unlawfully possessed a firearm, namely a "black, semiautomatic pistol." The Court need not perform any form of "inferential gymnastics" to arrive at the conclusion that the "black, semiautomatic pistol" allegedly used to commit Counts I and II is the same "black, semiautomatic pistol" which forms the basis for Count III. *Jawara*, 474 F.3d at 578. Because the

-3-

Defendant is a convicted felon, his alleged use of the firearm on July 15, 2015, to commit the crimes alleged in Counts I and II provide the *basis* for charging Count III. Moreover, despite Defendant's assertion to the contrary, there are "factual allegations in the indictment" that tie the gun to the various counts—both the description of the gun and the date of its alleged brandishment tie the charges together. The Court is convinced that the charges are properly joined.

Even if counts are properly joined under Rule 8(a), a court may still order the severance of counts if it appears that joinder would prejudice the defendant pursuant to Rule 14(a). To require severance under Rule 14(a), joinder must be "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1971). Here, Defendant has failed to convince the Court that a joint trial of these charges would cause sufficient prejudice to warrant severance.

The issue of prejudice has not been extensively briefed by the Parties. Defendant contends that a joint trial of Count III, which alleges a two-week time span in which Defendant possessed the pistol, with Counts I and II will "develop before the jury the punitive instinct to convict on all counts, if defendant is shown to have possessed a gun at any time." (Doc. 18 at 4.) As this danger is present in

-4-

every trial involving more than one count, the Court is not satisfied that this undeveloped argument by the Defendant shows that joinder is "so manifestly prejudicial" that it "compels the exercise of the court's discretion to sever." *Brashier*, 548 F.2d at 1323.

More promising, although even less well developed, is Defendant's final statement that "the jury will be prejudiced by defendant's admission that he is a prior convicted felon." (Doc. 18 at 4.) The unarticulated argument apparently being that Defendant's prior felony conviction would be admissible to establish that he is a prohibited person for purposes of Count III and that the resulting prejudice warrants severance. However, the Court could easily mitigate this potential prejudice by limiting the amount of information regarding the underlying felony that would be admissible and by instructing the jury as to the limited purpose for which such evidence could be used instead of subjecting the Court's resources to the more onerous alternative of severing Count III.[1] Nonetheless, the Parties have not equipped the Court with the information and argument necessary for the Court to make a determination of the actual prejudice that would occur as a result of a joint trial of all charges—the Court does not know the nature of the

---

[1] For instance, the evidence regarding the prior felony could be limited to the fact that the Defendant was convicted of a felony in 2011, and nothing more.

underlying felony or its similarity to the pending charges which would be relevant to an analysis under Federal Rule of Evidence 404(b).[2] Accordingly,

IT IS ORDERED that Defendant's Motion (Doc. 17) is DENIED.

DATED this 17th day of May, 2018.

Dana L. Christensen, Chief Judge
United States District Court

---

[2] The issue is whether the 2011 felony conviction, and the details associated with it, would be admissible in relation to Counts I and II, which would be analyzed under Rule 404(b). Again, because of the lack of details before the Court at this time, this is an issue that would need to be addressed at trial.